**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4555**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

DENNIS R. LUDOLPH, a/k/a Denny,

          Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Senior District Judge. (5:09-cr-00003-FPS-JES-1)

Submitted: December 15, 2009      Decided: December 17, 2009

Before MICHAEL and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Lisa M. Hawrot, DINSMORE & SHOHL, LLP, Wheeling, West Virginia, for Appellant. John Castle Parr, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dennis R. Ludolph pled guilty to conspiracy to distribute oxycodone and was sentenced to 151 months in prison. Ludolph's counsel has filed a brief, pursuant to Anders v. California, 386 U.S. 738 (1967), explaining that she found no meritorious grounds for appeal, but suggesting that the court review the adequacy of the Fed. R. Crim. P. 11 hearing. Although informed of his right to do so, Ludolph has not filed a pro se supplemental brief. The Government moves to dismiss the appeal on the basis of Ludolph's waiver of appellate rights contained in his plea agreement. Finding no error, we affirm in part and dismiss in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

The district court informed Ludolph of the waiver at the Rule 11 hearing, and Ludolph stated that he understood. Moreover, Ludolph stated that he read and understood the plea agreement, which contained an explicit waiver of the right to appeal from his sentence, except in certain limited

2

circumstances not relevant here. On appeal, Ludolph does not challenge the voluntariness or the validity of the waiver. Therefore, we find that Ludolph knowingly and intelligently waived the right to appeal his sentence. However, because Ludolph only waived the right to appeal his sentence, and not his conviction, we grant the Government's motion in part, deny it in part, and consider counsel's issue on the merits.

Turning to Ludolph's challenge to the Rule 11 hearing, the record reveals that the district court fully complied with the Rule 11 requirements during the plea colloquy, ensuring that Ludolph's plea was knowing and voluntary, that he understood the rights he was giving up by pleading guilty and the sentence he faced, and that he committed the offense to which he was pleading guilty. Because no error was committed during the Rule 11 hearing, and since Ludolph's plea was knowing, voluntary, and supported by a sufficient factual basis, we affirm his conviction.

We have carefully reviewed the record in accordance with Anders and have found no meritorious issues for appeal not covered by the waiver. Accordingly, we affirm Ludolph's conviction and dismiss the appeal of his sentence. This court requires that counsel inform Ludolph in writing of his right to petition the Supreme Court of the United States for further review. If Ludolph requests that a petition be filed, but

3

counsel believes that such a petition would be frivolous, then counsel may motion this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ludolph. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>DISMISSED IN PART</u>